FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA JUL 27 AM 10: 48
SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| MATTHEW CULP, et al., | ] | |
| | ] | |
| Plaintiff(s), | ] | |
| | ] | |
| vs. | ] | CV-04-CO-00815-S |
| | ] | |
| INTEGRATED MEDICAL SYSTEMS | ] | |
| INTERNATIONAL, INC., | ] | |
| | ] | |
| Defendant(s). | ] | |

**ENTERED**

**JUL 2 7 2004**

MEMORANDUM OF OPINION

The court has for consideration Defendant's motion to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, and to dismiss or stay this action pending the conclusion of arbitration. The motion has been briefed and is ready for consideration.

I.     Applicable Law.

"[A] written provision in . . . a contract evidencing a transaction involving commerce, to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable and

enforceable . . . ." 9 U.S.C. § 2.  By agreeing to arbitrate a statutory claim,

a party does not forego the substantive rights afforded by statute; it only

submits their resolution to an arbitral, rather than a judicial, forum.  *Circuit*

*City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001), *citing Gilmer v.*

*Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991).

It is well-established that arbitration is a "creature of contract" and

a party will not be compelled to arbitrate when he has not agreed to do so.

*Brown v. ITT Consumer Financial Corp.*, 211 F.3d 1217, 1221 (11th Cir.

2000).  The language of the arbitration contract defines the scope of the

disputes subject to arbitration and the court will not compel arbitration of

issues outside the scope of the agreement.  *Brandon, Jones, Sandall, Zeide,*

*Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.*, 312 F.3d 1349, 1358 (11th

Cir. 2002), *citing EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002).

Nevertheless, the FAA reflects a liberal federal policy favoring arbitration

agreements and requires the courts to "rigorously enforce" them.  *Id.* at

1357-58, *citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S.

614 (1985). While the court may not override the clear intent of the parties

or  reach  a  result  inconsistent  with  the  plain  text  of  the  contract,

ambiguities should be resolved in favor of arbitration. *Id.* at 1358, *quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983).

The Act applies to all arbitration agreements involving interstate commerce, including the employment contracts at issue here. *Musnik v. King Motor Co. of Ft. Lauderdale,* 325 F.3d 1255, 1258 (11th Cir. 2003), *citing Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000)(discussing fee-shifting provisions in employment arbitration agreement). Arbitration agreements allow parties to avoid the costs of litigation, a benefit that may be of particular importance in employment litigation, which often involves a smaller amount of money than disputes concerning commercial contracts. *Circuit City*, 532 U.S. at 123.

II.   Discussion.

The plaintiffs, Matthew Culp and Michael Hensley, do not dispute that their employment contracts with Integrated Medical Systems, (hereinafter, "IMS") include valid agreements to arbitrate any and all claims arising out of their employment at IMS. *See* Doc. 4, Sections 8 of Ex. A and B; Doc. 8, pp. 1-2. They argue, however, that IMS waived its right to compel arbitration because (1) IMS brought suit in small claims court against Hensley

for return of a laptop computer which Hensley had not returned at the conclusion of his employment, and (2) IMS failed to raise the arbitration issue in California litigation, choosing to assert its contractual right to litigate the action in Birmingham.

An agreement to arbitrate, like any other contract, may be waived and waiver may be found from a parties' conduct inconsistent with the intent to arbitrate. *Ivax Corp. v. B. Braun of America, Inc.*, 286 F.3d 1309, 1315 (11th Cir. 2002); *Brown v. ITT Consumer Financial Corp.*, 211 F.3d 1217, 1223 (11th Cir. 2000). However, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone*, 460 U.S. at 24-25. The arbitrability of an issue is a question of federal substantive law,[1] and arbitration should not be compelled when a party who seeks to compel arbitration has waived that right. *Morewitz v. West of England Ship. Owners Mut. Protection and Indem. Ass'n (Luxembourg)*, 62

---

[1]Because federal law is controlling on this issue, this opinion does not include discussion of the Alabama cases cited by the plaintiffs in support of their position.

F.3d 1356, 1365-66 (11th Cir. 1995). The Eleventh Circuit uses a two-part test in determining whether a party has waived its right to arbitrate, under which it first decides if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right, and second, whether by doing so that party has in some way prejudiced the other. *Ivax Corp.,* 286 F.3d at 1315-16. In determining whether a party has been prejudiced, the court may consider the length of delay in demanding arbitration and expenses incurred by that party from participating in the litigation process. *S & H Contractors, Inc. v. A. J. Taft Coal Co., Inc.,* 906 F.2d 1507 (11th Cir. 1990)(finding waiver where, prior to demand for arbitration, movant waited eight months and took five depositions while opponent filed two motions).

Here, the plaintiffs have not pointed to any conduct of IMS which would show an intent to waive the right to arbitrate the issues raised in this litigation. *See Brown,* 211 F.3d at 1223. Nor is there any prejudice stemming from IMS's actions prior to seeking to compel arbitration.

The plaintiffs assert:

On April 3, 2003, the Defendant IMS brought an action in the small claims court for Jefferson County against Plaintiff Hensley. This action, SM-2003-003462, was pursued by IMS to

judgment against Hensley which was entered on July 25, 2003 in
the amount of $945.31, plus costs.  This lawsuit alleged a breach
of the same December 2, 2002 employment contract that the
Defendant now alleges Plaintiff [sic] must arbitrate.

Plaintiffs' Memorandum in Opposition, Doc. 8, p. 2.  IMS agrees with this

factual assertion, but adds that the case concluded with a default judgment.

The plaintiffs also argue:

On May 8, 2003, Plaintiffs Culp and Hensley commenced an
action in the Superior Court of San Diego County against IMS
alleging claims of sexual orientation discrimination, wrongful
termination, and retaliation.  On August 13, 2003, counsel for
IMS removed the action to the United States District Court,
Southern District of California based on diversity jurisdiction.
Defendant IMS did not request a motion to stay or to compel
arbitration. . . . On August 19, 2003, Defendant IMS filed a
Motion to Dismiss the Plaintiffs' [sic] action or transfer said
action to the United States District Court in Birmingham,
Alabama. . . . [asserting] that Plaintiffs [sic] employment
contracts provide that all disputes arising from their respective
agreements "shall be resolved by any court of competent
jurisdiction in Alabama. . . . The Defendant IMS intentionally
and strategically chose, in the California action, not to raise its
affirmative defense of arbitration.  Rather, it only requested
that the court dismiss or transfer the action because of a "forum
selection clause."

Plaintiffs' Memorandum in Opposition, Doc. 8, pp. 2-3.

IMS's decision to litigate the property issue in small claims court does

not evidence an intent to waive arbitration as to the entirely separate, and

more substantial, discrimination claims brought here.   Moreover, IMS's

actions in the California courts are not inconsistent with its present motion

to compel arbitration.  First, this is not a case in which the party seeking

arbitration sought another forum and substantially litigated in that forum

prior to asserting its arbitration rights.  Rather, Plaintiffs initiated the action

in California in derogation of the forum selection clause in their employment

contracts and all of the subsequent California litigation was limited to IMS's

efforts to exercise its contractual right to an Alabama forum.  There was no

discovery and no litigation of the substantive issues in the action.   Second,

Plaintiffs' position that IMS was required to litigate the arbitration issue in

California along with the motion to transfer venue is faulty. IMS was obliged

to file its improper venue defense in its initial motion or forever waive its

right to litigate in Alabama, but it did not waive the arbitration defense by

waiting to raise the defense in Alabama.  *See* Fed. R. Civ. P. 12(b), (h);

*Palcko v. Airborne Express, Inc.*, __ F.3d __, 2004 WL 13669, *7-*9 (3rd Cir.

2004).  Finally, IMS had a contractual right to litigate all issues arising out

of the employment contract, including the question of arbitrability, in an

Alabama forum. Plaintiffs' position here, that IMS was required to raise

arbitrability in its initial responsive motion, would permit them to compel litigation in California in derogation of IMS's contractual right to litigate in Alabama.  Considering the totality of the circumstances, IMS's filing of the preliminary motions necessary to effectuate its contractual right to an Alabama forum did not indicate an intent to waive arbitration.

Furthermore, Plaintiffs have not shown any prejudice stemming from IMS's decision to limit its California litigation to the venue issue and to reserve the arbitration issue for Alabama.  It is quite clear that the small claims court litigation, which ended in default judgment, created no prejudice attributable to IMS's reservation of the arbitration defense.  That Plaintiffs had to hire Alabama counsel to litigate in Alabama is attributable to the forum selection clause in their employment contract, not to the delay in raising the arbitration issue.  Although Plaintiffs speculate arbitration would be completed if IMS had raised the issue in California, the delay by itself does not show prejudice to Plaintiffs.  Furthermore, the delay and the funds expended in California are not attributable to the delay in raising the arbitration defense, but to the plaintiffs' decision to initiate litigation in California and to contest transfer to Alabama.

III.   Conclusion.

Because all of the claims in this action are subject to arbitration, the motion to compel arbitration will be granted and the case will be dismissed with prejudice. See, e.g., *Stiles v. Home Cable Concepts, Inc.*, 994 F. Supp. 1410, 1415-1416 and 1418-1419 (M.D. Ala. 1998); *Clayton v. Woodmen of World Life Ins. Soc'y*, 981 F. Supp. 1447 (M.D. Ala. 1997); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). A separate order will be entered.

Done, this _27_ of July, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE